IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC M. SISCO,

      Petitioner,               No. 2:12-cv-1804 GGH P

  vs.

M. McDONALD, Warden,

      Respondent.             ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

      Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

      Petitioner has failed to identify any facts in support of the ground for relief in his petition. See Rule 2(c), Rules Governing § 2254 Cases. Instead, the relevant portion of the petition reads, in total:

> A. Ground One: Petitioner Was Denied His Federal Constitutional Rights To A Fair Trial Under 14th Amendment and Due Process.
>
> Supporting FACTS (state briefly without citing cases or law): The determination that the offenses are 'joinable' under section 954 is only the frist [sic] stage of analysis, because section 954 explicitly gives the trial court discretion to sever offenses or counts in the interests of justice and

1

for good cause shown...Petitioner's Habeas should be granted. See Doc. No. 1 at 4 (ellipses in original).

Petitioner does not say what was joined or why, and does not provide any background on why the trial court ruled as it apparently did. Petitioner does not provide the court with any supplemental materials which may have assisted the court in determining what occurred at petitioner's trial. While the court is cognizant of the low threshold for petitioner at this stage of the proceedings, absent these most basic facts, the court is currently unable to determine whether petitioner alleges a cognizable claim. See, e.g., Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (deficient petition should be dismissed with leave to amend "unless it appears that no tenable claim for relief can be pleaded were such relief granted.")

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner motion to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's petition for writ of habeas corpus is dismissed with leave to file an amended petition within thirty days from the date of this order;

3. Any amended petition must be filed on the form provided with this order, must name the proper respondent, and must state all claims and prayers for relief on the form; it must bear the case number assigned to this action and the title "Amended Petition"; failure to file an amended petition will result in the dismissal of this action; and

4. The Clerk of the Court is directed to send petitioner the court's form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED: August 22, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb/sisc1804.114