IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC M. SISCO,

      Petitioner,                    No. 2:12-cv-1804 GGH P

   vs.

M. McDONALD, Warden,

      Respondent.               ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, proceeds pro se and in forma pauperis on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Background

      In the instant petition, filed July 9, 2012, petitioner seeks review of a Sacramento County Superior Court conviction dated March 25, 2010, for a series of offenses and enhancements including attempted murder and assault with a deadly weapon. See Doc. No. 1 at 1. Petitioner lists the length of his sentence as 30 years and 4 months plus 2 years to life consecutively. Id. Plaintiff alleges that he completed his direct appeal in January 2012. Id.

      On August 23, 2012, the court dismissed the petition with leave to amend, noting that petitioner failed to identify any facts in support of the relief sought in his petition. See Doc. No. 5. While petitioner appeared to be arguing that the trial court incorrectly failed to sever

under state law, he failed to explain what had been joined and why, or otherwise provide any background on why the trial court ruled as it did.  Id.  Because the court could not determine whether petitioner stated a cognizable claim, the court dismissed the petition and gave petitioner thirty days to amend his petition.  Id.

On September 12, 2012, petitioner filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Sisco v. Unknown, 2:12-cv-2352 KJN HC, Doc. No. 1.  The petition is not titled "Amended Petition," and does not include the case number assigned to the July 9, 2012 petition.  Petitioner also did not file a new application to proceed in forma pauperis with the September petition, as he had done with the July petition.

In the September petition, petitioner seeks review of a Sacramento County Superior Court conviction dated May 7, 2010, for a series of offenses and enhancements including attempted murder, assault, and possession of a firearm by a convicted felon.  Id.  Petitioner lists the length of his sentence as 56 years to life plus 4 months.  Id.  Petitioner alleges that he appealed the conviction to the Sacramento County Superior Court, and further alleges that he sought further review in the "United States Federal Court" but has received no response.  Id.  He claims that the grounds raised in his federal court petition were "sever of cases, and improperly imposed of stay of gun, ineffective assistance of counsel."  Id.

The sole ground for relief raised in the September 12, 2012 petition is that petitioner was denied effective assistance of counsel.  Id.

Analysis

The court is unable to determine, based on the current record, whether petitioner has filed the September petition in order to amend the July petition, or if he is instead challenging a different conviction.  While the offenses and sentences are similar, petitioner alleges that they were entered on different dates.  Moreover, he raises a different claim for relief, indicating that petitioner may think that the July petition has been fully resolved.

\\\\\

1  Accordingly, the court will grant petitioner an additional 28 days to amend the July petition (Case No. 2:12-cv-1804).  If petitioner wishes, he may file a new, amended petition which corrects the errors identified in the court's August 23, 2012 order, or he may notify the court, in writing, that he intends for the September 12, 2012 petition to be his amended petition.

If petitioner chooses not to respond to this order, the court will dismiss the July petition for failure to amend.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner shall have 30 days from the date of this order to file: (1) an amended petition, as described in the court's August 23, 2012 order, or (2) a written statement that petitioner's September 12, 2012 petition is petitioner's amended petition, filed in response to the August 23, 2012 order;

2. Failure to respond to this order shall result in dismissal of the July 9, 2012 petition;

3. Petitioner is specifically reminded that any amended petition must be filed on the form provided with this order, must name the proper respondent, and must state all claims and prayers for relief on the form; it must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner: (1) the court's form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; and (2) a copy of the court's August 23, 2012 order.

DATED: October 29, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb/sisc1804.osc

3